NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GUILLERMO DIAZ-FLORES,<br><br>              Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.    17-72563<br><br>Agency No. A201-240-843<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2020
Seattle, Washington

Before:  McKEOWN and BUMATAY, Circuit Judges, and MOSMAN,[**] District Judge.

Jose Diaz-Flores, a native of Mexico, was ordered removed under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(2)(A)(i)(I).  An immigration judge ("IJ") denied his applications for asylum, withholding of removal, and protection under the

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The Honorable Michael W. Mosman, United States District Judge for the District of Oregon, sitting by designation.

Convention Against Torture ("CAT"), and the Board of Immigration Appeals ("BIA") affirmed.[1] Diaz-Flores now petitions for this court's review. For the reasons explained below, we deny the petition.

We have jurisdiction to entertain Diaz-Flores's asylum, withholding of removal and CAT relief claims, despite his conviction for a crime of moral turpitude. We are bound by our precedent. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1075 (9th Cir. 2008) (holding that the jurisdiction-stripping provision "applies only 'to removal orders, and not to applications for asylum, withholding of removal, or CAT relief.'") (simplified). With respect to CAT relief, we look to the Supreme Court's recent decision in *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020) (holding that the provision does not bar jurisdiction over orders denying CAT relief). We take no position on whether *Nasrallah* extends beyond CAT. Because the IJ in this case denied relief from removal "on the merits, . . . we have jurisdiction to review the merits of these claims." *Bromfield*, 543 F.3d at 1075. Still, when we exercise jurisdiction, our review is highly deferential: the BIA's decision regarding a noncitizen's application for asylum, withholding of removal, and CAT protection is reviewed under the substantial-evidence standard. *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014).

---

[1] We address Diaz-Flores's claim regarding his ineligibility for cancellation of removal in a concurrently filed opinion.

1.      An applicant for asylum and withholding of removal must show that his feared persecution shares the requisite nexus to a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017) (an applicant must show that his protected ground was a "central reason" for his persecution in asylum claims, and "a reason" in withholding of removal claims). Substantial evidence supports the BIA's conclusion that Diaz-Flores failed to establish this nexus element. When asked why he thought he might be targeted by cartel members if removed to Mexico, Diaz-Flores responded: "Just the way I dress, the way I speak." As the BIA found, Diaz Flores failed to "clearly articulate a particular social group" below. Diaz-Flores has likewise failed to do so on appeal, instead arguing only that he will be harmed "on account of a cognizable particular social group," without actually articulating what group that is.

The BIA considered Diaz-Flores's claim as one based on the group of people who have "lived in the United States for a long period of time based on [their] clothing and accent." But the BIA found that group non-cognizable because it was insufficiently particular. Substantial evidence supports the BIA's particularity determination. Many prior cases have rejected similar groups as non-cognizable. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (imputed wealthy Americans in Mexico); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) ("returning Mexicans from the United States"); *Garay Reyes v.*

*Lynch*, 842 F.3d 1125, 1139–40 (9th Cir. 2016) ("deportees from the United States to El Salvador"). And while particularity is a fact-specific inquiry, Diaz-Flores offers no explanation nor evidence for how or why his proposed group is more particular than similar groups already rejected by the court.

2.      Substantial evidence likewise supports the BIA's determination that Diaz-Flores failed to establish the threshold element for CAT protection: that "it is more likely than not that [he] would be tortured if returned to Mexico." *Delgado-Ortiz*, 600 F.3d at 1152 (citing 8 C.F.R. § 208.16(c)(2)). Diaz-Flores points to no past harms, nor any individualized evidence showing a risk of harm. Instead, he relies entirely on country conditions evidence documenting Mexico's struggle with cartels and violence, and evidence about what he heard on the news and from other people about Mexico generally. But such "generalized evidence of violence and crime in Mexico is not particular to [Diaz-Flores] and is insufficient to meet [the CAT] standard." *Id.*

**PETITION DENIED.**